UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JOHN A. CHARRON,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF YORK, et al.,<br><br>          Defendants | Civil No. 18-00105-JAW |

**<u>ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND
(DEFENDANTS COUNTY OF YORK, WILLIAM L. KING, JR., RACHEL
HORNING, DARREN CYR, HEATH MAINS, STEVEN THISTLEWOOD AND
BILL VACHON)</u>**

Defendants County of York, William L. King, Jr., Rachel Horning, Darren Cyr, Heath Mains, Steven Thistlewood and Bill Vachon (collectively "the Defendants"), by and through counsel, hereby respond to the Plaintiff's Complaint as follows:

<u>JURISDICTION</u>

1.  The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

<u>PARTIES</u>

2.  The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

3. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

4. The Defendants admit that William L. King, Jr. is Sheriff of York County. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

5. The Defendants admit that Rachel A. Horning was a deputy sheriff working for York County. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

6. The Defendants admit that Darren Cyr is a deputy sheriff working for York County. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

7. The Defendants admit that Heath Mains is a deputy sheriff working for York County. The remaining allegations contained in this paragraph of the Plaintiff's

Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

8. The Defendants admit that Steven Thistlewood is a sergeant working for York County in the sheriff's department. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

9. The Defendants admit that Bill Vachon was a deputy sheriff working for York County. The remaining allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

10. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

11. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

12. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## FACTS

13. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

14. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

15. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

16. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

17. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

18. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

19. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

20. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

21. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

22. The Defendants admit that Defendant Horning responded to a call at 250 Buzzell Road in Action and that she spoke with Christopher Moss. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

23. The Defendants admit that Mr. Moss told Defendant Horning about actions taken by the Plaintiff, including the allegation that the Plaintiff rammed a car containing Mr. Moss and Eric Pilvelait with a plow truck. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

24. The Defendants admit that Mr. Moss told Defendant Horning about actions taken by the Plaintiff, including the allegation that the Plaintiff rammed a car

containing Mr. Moss and Mr. Pilvelait with a plow truck. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

25. The Defendants admit that Mr. Moss told Defendant Horning about actions taken by the Plaintiff, including the allegation that the Plaintiff rammed a car containing Mr. Moss and Mr. Pilvelait with a plow truck and pushed the car some distance. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

26. The Defendants admit that Defendant Cyr met up with Defendant Horning at some point during her investigation. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

27. The Defendants admit that Defendants Cyr, Thistlewood and Mains met up with Defendant Horning at some point during her investigation. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

28. The Defendants admit that Defendants Horning, Cyr, Thistlewood and Mains observed the vehicles involved in the alleged incident. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the

remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

29. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

30. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

31. The Defendants admit that the Plaintiff was arrested for aggravated reckless conduct and criminal threatening based upon the probable cause. The Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

32. The Defendants admit that damage was observed to the Plaintiff's plow truck, including a broken window. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

33. The Defendants admit that the Plaintiff was arrested for aggravated reckless conduct, a felony, and criminal threatening, a misdemeanor, based upon the probable cause. The Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

34. The Defendants admit that the Plaintiff was held for a period of time at the York County Jail. The Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

35. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

36. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

37. The Defendant admits that Mr. Pilvelait gave a statement to Defendant Horning on March 9, 2016 that was consistent with information she had received from other sources. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

38. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

39. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required. Alternatively, the Defendants are without sufficient

information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

40. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

41. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

42. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

43. The allegations contained in this paragraph of the Plaintiff's Complaint purport to characterize the contents of a written document that speaks for itself; therefore, no response is required. Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

44. The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the

Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

45. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

46. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

47. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

48. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

49. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint of active concealment of evidence. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

50. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

51.     The allegations contained in this paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

52.     The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

## AFFIRMATIVE DEFENSES

1.     The Defendants have at all times acted in good faith and without knowledge that their conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2.     The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3.     No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4.     To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the Defendants reserve the right to demonstrate that the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107.

5.     To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by immunity provisions provided to the Defendants by the

Maine Tort Claims Act, including but not limited to 14 M.R.S.A. § 8103, 8104-B, and 8111(1)(C), (D) and (E).

6.  The Plaintiff's recoverable damages for tort claims are capped by the provisions of the Maine Tort Claims Act.

7.  The Defendants reserve the right to demonstrate that the Plaintiff's Complaint, in whole or in part, is barred by the applicable statutes of limitations.

8.  To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendants in their representative capacity, the Complaint fails to state a claim upon which relief may be granted.

9.  The Plaintiff's own conduct was the sole or a contributing cause of any injuries he may have sustained.

10. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11. The Plaintiff's claims are barred for the reason that the Defendants are not liable under a theory of *respondeat superior* for the actions of their agents.

12. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

13. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

14. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

16. The Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

17. To the extent that the Plaintiff seeks injunctive or declaratory relief, the Plaintiff has no standing.

18. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. §1983 in the Maine Constitution or the United States Constitution.

19. The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate damages.

20. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

21. To the extent the Plaintiff's alleged injuries result from events or conditions that occurred after the Defendants' involvement with the Plaintiff, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants County of York, William L. King, Jr., Rachel Horning, Darren Cyr, Heath Mains, Steven Thistlewood and Bill Vachon demand judgment in their favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 18th day of June, 2018.

>Attorneys for Defendants County of York, William L. King, Jr., Rachel Horning, Darren Cyr, Heath Mains, Steven Thistlewood and Bill Vachon
>MONAGHAN LEAHY, LLP
>95 Exchange Street, P.O. Box 7046
>Portland, ME 04112-7046
>(207) 774-3906
>
>BY:   /s/ John J. Wall, III
>        John J. Wall, III

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018, I electronically filed **Answer, Affirmative Defenses and Jury Trial Demand (Defendants County of York, William L. King, Jr., Rachel Horning, Darren Cyr, Heath Mains, Steven Thistlewood and Bill Vachon)** using the CM/ECF system, which will provide notice to me and the following other counsel of record: Gregory O. McCullough (office@sanfordlaw.com).

Dated at Portland, Maine this 18th day of June, 2018.

                                        Attorneys for Defendants County of York,
                                        William L. King, Jr., Rachel Horning, Darren Cyr,
                                        Heath Mains, Steven Thistlewood and Bill Vachon
                                        MONAGHAN LEAHY, LLP
                                        95 Exchange Street, P.O. Box 7046
                                        Portland, ME 04112-7046
                                        (207) 774-3906
                    BY:    /s/ John J. Wall, III
                                        John J. Wall, III