UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JOHN A. CHARRON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 2:18-cv-00105-JAW |
| CHRISTOPHER MOSS, et al. | ) | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

The Court rejects Plaintiff's suggestion that his claims for compensatory and punitive damages are for a sum certain under Federal Rule of Civil Procedure 55 and orders the Plaintiff to give notice of the damages hearing to the defaulted Defendants. The Court orders that an evidentiary damages hearing be held.

I.  BACKGROUND

On March 8, 2018, John A. Charron filed a lawsuit pursuant to 42 U.S.C. § 1983 against Christopher Moss, Eric J. Pilvelait as well as a number of Defendants associated with York County Maine, alleging that the Defendants violated his civil rights.[1]  *Compl.* (ECF No. 1).  Mr. Charron effected service of the Complaint and Summons on Mr. Moss on May 29, 2018, *Summons in a Civil Action* (ECF No. 7), and on Mr. Pilvelait on June 6, 2018. *Summons in a Civil Action* (ECF No. 13).  Neither Mr. Moss nor Mr. Pilvelait has answered or otherwise defended the Complaint.

---

[1] The York County Defendants filed an Answer to the Complaint and are not the objects of Mr. Charron's motion for default judgment. *Ans., Affirmative Defenses and Jury Trial Demand (Defs. Cnty. of York, William L. King, Jr., Rachel A. Horning, Darren Cyr, Heath Mains, Steven Thistlewood and Bill Vachon)* (ECF No. 14).

On July 27, 2018, Mr. Charron moved for default against Defendants Moss and Pilvelait. *Pl.'s Appl. to Clerk for Default against Non-County Defs. Christopher Moss and Eric J. Pilvelait* (ECF No. 18). On July 30, 2018, the Clerk entered default against each Defendant. *Order Granting Mot. for Entry of Default* (ECF No. 20). On July 27, 2018, Mr. Charron moved for entry of default judgment. *Pl.'s Verified Mot. for Default J. against Non-County Defs. Christopher Moss and Eric J. Pilvelait* (ECF No. 19). In his motion, Mr. Charron says that he is seeking $100,000 in compensatory damages and $150,000 in punitive damages against Mr. Moss and Mr. Pilvelait. *Id.* at 2. He writes that "[i]f this qualifies as a 'sum certain,' then the Clerk should enter a judgement against them accordingly. Otherwise, the Court should conduct a hearing on damages." *Id.*

## II. DISCUSSION

### A. Sum Certain

Federal Rule of Civil Procedure 55(b)(2) governs the reduction of a procedural default to a default judgment by the Court. Before issuing such a judgment, the Court "may conduct" an evidentiary hearing "when . . . it needs to . . . determine the amount of damages." FED. R. CIV. P. 55(b)(2). In general, the Court may not grant a default judgment unless the damages are fixed and certain. *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19-20 (1st Cir. 2003). Where the amount of damages is not fixed by operation of law, susceptible to mathematical calculation, or agreed to by the parties, the Court must hold an evidentiary hearing to determine the amount of

2

damages before granting a default judgment.[2]  *Id.* at 20-21; *see also CSXT Intermodal, Inc. v. Mercury Cartage, LLC*, 271 F.R.D. 400, 401 (D. Me. Nov. 9, 2010) ("Unless a claim is for a 'sum certain,' a court must consider proof of damages before entering final judgment.").

Mr. Charron's claimed damages are not for a "sum certain" as the term appears in Rule 55. *KPS & Assocs.*, 318 F.3d at 19 ("[A] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default."). Mr. Charron claims damages for injury to "his personal and professional reputation," for "humiliation, embarrassment, anxiety, severe emotional distress," for "financial loss to his self-employment business as a tree removal expert," and for punitive damages. *Compl.* ¶¶ 44-45, 47. These are not damage categories susceptible to mathematical calculation, liquidated damages, damages fixed by law, or damages agreed to by both parties. *KPS & Assocs.*, 318 F.3d at 18-21. Consequently, the Court must receive testimony and make a factual determination as to the proper amount of damages in these categories. *Id.*

B.   **Notice to Defaulted Parties**

Even though the defaulted parties do not have the right to contest liability at this point, they retain the right to contest the scope and amount of damages. Accordingly, in order to make certain that the defaulted Defendants are aware of

---

[2] In *KPS & Assocs.*, the First Circuit said that "in limited circumstances" it has "permitted district courts to dispense with a Rule 55(b)(2) hearing, even in the face of apparently unliquidated claims." 318 F.3d at 21. For example, where the district court was "intimately familiar with the case from years of travail," the First Circuit allowed an exception to the hearing requirement. *Id.* (quoting *HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988)). In this case, none of the exceptions to the hearing requirement applies.

3

their rights, the Court ORDERS counsel for the Plaintiff to give the Defendants notice of the date, time and location of the damages hearing so that the Court satisfies itself of the concerns raised by the First Circuit in *Key Bank of Maine v. Tablecloth Textile Co.*, 74 F.3d 349 (1st Cir. 1996).  Counsel for the Plaintiff should be prepared to present evidence of compliance with this order at the damages hearing.

## III.  CONCLUSION

The Court ORDERS that an evidentiary hearing on damages be held at the mutual convenience of the Plaintiff and the Court and that, once the date, time and place of the damages hearing are set, Plaintiff's counsel give notice of the hearing to the defaulted Defendants and alert them of their right to attend, if they wish to do so, to contest the damages Plaintiff is seeking.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2018