UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN A. CHARRON,            )
                            )
        Plaintiff           )
v.                          )  No. 2:18-cv-00105-JAW
                            )
COUNTY OF YORK, et al.,     )
                            )
        Defendants          )

## *MEMORANDUM DECISION AND ORDER ON DISCOVERY DISPUTE*

The plaintiff in this civil rights suit, John A. Charron, seeks to obtain documents subpoenaed from a non-party witness, Assistant District Attorney ("ADA") Kyle J. Myska, that ADA Myska has withheld on the bases that they constitute attorney work product and/or that their disclosure is barred by 16 M.R.S.A. § 704. *See* ECF Nos. 35, 42-43, 45-48. Treating the discovery dispute as a motion by ADA Myska to modify the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii), I grant it in part, ruling that ADA Myska must produce Bates Stamp Nos. 03, 026 through 045, and 047 through 052 only to the extent that they can be redacted to protect his mental impressions, conclusions, opinions, or legal theories from discovery, and otherwise deny it.

### I. Background

ADA Myska was the prosecutor in a criminal action against the plaintiff that was dismissed in July 2016, following which the plaintiff filed the instant suit against York County, the York County sheriff, five York County deputy sheriffs, and the two individuals whose complaints led to his arrest, seeking damages for, *inter alia*, malicious prosecution, false arrest,

1

false imprisonment, defamation, and intentional infliction of emotional distress. *See* ECF No. 45 at 1; Complaint – Jury Trial Demanded (ECF No. 1) at 1-3, 10.

Following a telephonic hearing on January 14, 2019, I directed that counsel for the plaintiff and for ADA Myska file simultaneous letter briefs and responsive letter briefs "addressing the applicability of the work product protection asserted, the viability of redaction as an alternative, and the plaintiff's showing of need under Rule 26(b)(3)(A)(ii)," and that counsel for ADA Myska provide the withheld documents to the court for *in camera* review. ECF No. 42. ADA Myska's counsel did so, providing 49 pages of documents, Bates Stamp Nos. 03 through 052, accompanied by an amended privilege log dated January 14, 2019.

## II. Invocation of 16 M.R.S.A. § 704

ADA Myska has withheld 22 pages of documents containing the plaintiff's criminal history records, Bates Stamp Nos. 04 through 025, on the sole basis that 16 M.R.S.A. § 704 prohibits the release of a criminal history record that has not been updated. *See* ECF No. 45 at 2. However, as the plaintiff rejoins, *see* ECF No. 48 at 1, nothing in that statute permits the documents to be withheld. To the contrary, the statute provides that "[p]ublic criminal history record information may be disseminated by a Maine criminal justice agency to any person or public or private entity for any purpose." 16 M.R.S.A. § 704(1). While it directs agencies to update those records prior to disseminating them, it does not permit them to withhold them because they have not updated them. *See id*. § 704(2) (agency "shall query the Department of Public Safety, State Bureau of Identification before disseminating any public criminal history record information for a noncriminal justice purpose to ensure that the most up-to-date disposition information is being used"). ADA Myska's request to shield these documents from production, accordingly, is denied.

2

## III. Work Product Protection

ADA Myska has withheld the remaining documents on the basis that they are subject to work product protection pursuant to Federal Rule of Civil Procedure 26(b)(3) and that the plaintiff has failed to demonstrate that he has a "substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). *See also* ECF Nos. 45 at 2-3, 47 at 1-2. He concedes that redaction "of significant portions of the documents to remove only work product protected information is possible[,]" so long as his "mental impressions, conclusions, opinions or legal theories" are protected from disclosure. ECF No. 47 at 2; *see also* Fed. R. Civ. P. 26(b)(3)(B) ("If the court orders discovery of [work product] materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.").

The plaintiff disputes that Rule 26(b)(3) applies to a non-party such as ADA Myska. *See* ECF Nos. 46 at 1-3, 48 at 1. In the alternative, he argues that, even if it does, he has shown a substantial need for the documents and cannot, without undue hardship, obtain their equivalent by other means. *See* ECF No. 46 at 1, 3.

The plaintiff is correct that Rule 26(b)(3), which applies only to parties, is inapposite. *See, e.g., Jean v. City of New York*, No. CV-09-801(RJD)(VVP), 2010 WL 148420, at *1 (E.D.N.Y. Jan. 12, 2010) (Rule 26(b)(3)(A), which "by its express terms[,] . . . affords protection only to documents prepared 'by or for another party or its representative[,]'" did not apply to prosecutors who were not parties); *Planalto v. Ohio Cas. Ins. Co.*, 256 F.R.D. 16, 20 (D. Me. 2009) (holding Rule 26(b)(3) applicable when the documents at issue were "not in the hands of a third person who is neither a party to nor interested in the current action[,]" but "in the hands of Planalto, a party in

the current case") (citation and internal quotation marks omitted); 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* ("*Wright & Miller*") § 2024, at 523 (2010) ("Documents prepared by one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be party to a closely related lawsuit in which he will be disadvantaged if he must disclose in the present suit.") (footnote omitted).

Yet, that does not end the analysis. The plaintiff sought the documents at issue through the service of a subpoena on non-party ADA Myska. *See* ECF No. 43 at 2. Federal Rule of Civil Procedure 45 provides that "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must" (i) "expressly make the claim" and (ii) "describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). ADA Myska did so in this case. Rule 45 further provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii). Rule 45, hence, "expressly provides protection from subpoena to the work product of non-parties." *Spilker v. Medtronic, Inc.*, NO. 4:13-CV-76-H, 2015 WL 12851391, at *3 (E.D.N.C. Jan. 6, 2015). *See also, e.g., Meyer v. Colavita, USA, Inc.*, No. SACV 11-00696-AG (MLGx), 2011 WL 2457681, at *2 (C.D. Cal. June 17, 2011) ("Although the plain language of Rule 26(b)(3) solely protects parties to litigation, work product protection may be extended to subpoenaed non-parties through Rule 45(c)(3)(A)(iii)[.]").[1]

---

[1] Work product of non-parties may also be protected pursuant to Federal Rule of Civil Procedure 26(c) and the common-law principles of *Hickman v. Taylor*, 329 U.S. 495 (1947). *See* 8 *Wright & Miller* § 2024 at 525-26 ("Fortunately, the courts need not be confined by a literal reading of Rule 26(b)(3) and can continue to arrive at sensible decisions on this narrow point. To the extent that Rule 26(b)(3), literally read, seems to give insufficient protection to material prepared in connection with some other litigation, the court can vindicate the purposes of the work-product rule by the issuance of a protective order under Rule 26(c). In this connection, it must be remembered

I am satisfied, based on my *in camera* review, that ADA Myska properly claims work product protection for the 28 pages of documents bearing Bates Stamp Nos. 03, and 026 through 052. An attorney's work product "is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways[.]" *Hickman*, 329 U.S. at 511. The documents for which ADA Myska claims work product protection, all of which bear on the then-anticipated criminal trial of the plaintiff, comfortably fit that definition, consisting of (i) his handwritten notes, Bates Stamp Nos. 03, 026, 032-033, 035, 038-040, (ii) victim witness contact statements and a victim impact statement that were provided to him, Bates Stamp Nos. 027-030, (iii) a document indicating that a victim impact statement was not to be provided in discovery, Bates Stamp No. 031, (iv) ADA Myska's typed case worksheet, Bates Stamp No. 034, (v) emails from ADA Myska or sent on his behalf to York County Deputy Sherriff Bill Vachon, Bates Stamp Nos. 036-037, 041, and 046, and (vi) an exchange of emails among ADA Myska, an Assistant Attorney General, and an attorney for the Maine State Police concerning a response to a subpoena served by the plaintiff's attorney, Bates Stamp Nos. 042-045, 047-052.

Therefore, I focus next on whether the plaintiff has made the requisite showing to overcome the claimed work product protection: that he has a "substantial need" for the withheld documents and could not, "without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).[2] He contends that (i) "[t]he withheld materials go to the heart of the case in terms of what the officers knew and when and what they communicated to the prosecutor

---

that protection may exist under Hickman v. Taylor itself, even if it is not provided also under the rule, so long as the materials in question were prepared in anticipation of litigation by an attorney.") (footnote omitted).

[2] The Rule 26(b)(3)(A)(ii) test has been applied in the context of assertions of work product protection by non-parties. *See, e.g., Jean*, 2010 WL 148420, at *2 (noting, in extending work-product protection to non-party prosecutor, that "[d]isclosure of work product may be ordered if the party seeking it can demonstrate substantial need for the information and an inability to obtain the information, or a substantial equivalent of it, by other means without undue hardship").

as i[t] relates to probable cause[,]" (ii) he "cannot obtain the same information by any other means[,]" and, "[a]t a minimum, the withheld emails and documents are needed for effective cross examination." ECF No. 46 at 3. He asserts that the witnesses "will need to review them to refresh their recollection as to matters that took place more than two years ago." *Id*.

My *in camera* review discloses that there are only four pages of withheld documents that possibly reflect communications from any defendant sheriff's deputy to ADA Myska regarding the basis for the plaintiff's arrest, Bates Stamp Nos. 034, 035, 039, and 040, the first titled "Case Worksheet" and the other three being handwritten notes, although it is not clear from the face of any of the documents who supplied the information.[3] Even assuming that one or more of the defendant deputies was the source, the plaintiff does not contest that he has indicated that he intends to take the discovery depositions of the defendant deputies and has been provided with their affidavits prepared in response to his probable cause challenge to the underlying criminal prosecution. *See* ECF Nos. 45 at 3; ECF No. 48. "[T]here is in general no justification for discovery of the statement of a person contained in work product materials when the person is available to be deposed[.]" *Gay v. P. K. Lindsay Co.*, 666 F.2d 710, 713 (1st Cir. 1981). Accordingly, the plaintiff has not shown a substantial need for the documents or an inability to obtain their substantial equivalent by other means without undue hardship. I decline to assume that any of the deputies will need to review any of the withheld documents to refresh his or her recollection. If and when that happens, the court can rule accordingly with respect to any continuing claim of work product protection.

---

[3] A fifth page, Bates Stamp No. 046, consists of a transmittal email from a defendant sheriff's deputy to ADA Myska of digital images that ADA Myska indicated "we need to provide to [plaintiff's counsel] Greg McCullough in digital form." As discussed *infra*, I conclude that any work product protection claimed as to that document has been waived.

Nonetheless, because, as noted above, ADA Myska has conceded that significant portions of the documents can be produced with redactions that shield his mental impressions, conclusions, opinions, or legal theories, *see* ECF No. 47 at 2, I direct that he redact those documents accordingly.

A final point remains. In his responsive brief, the plaintiff asserts that, because ADA Myska "has already revealed email communications with some of the defendants, . . . it is hard to understand why he feels he should be able to withhold others." ECF No. 48 at 1. That is the sum total of his argument on that point, *see id.*, apart from attaching copies of five pages of emails between ADA Myska and Deputy Sheriff Vachon and others, *see* ECF Nos. 48-1, 48-2, 48-3, 48-4.

To the extent that the plaintiff means to argue that, by producing some emails, ADA Myska has waived work product protection for other emails, his argument is too little, too late. He did not raise the point during oral argument before me on January 14, 2019, and it was not one of the three issues that the parties agreed required resolution and that I directed them to brief. *See, e.g.*, ECF No. 42. In any event, even if his contention were timely, it is insufficiently developed to be cognizable. *See, e.g., United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Nevertheless, because the plaintiff's submissions reveal that he already possesses one of the withheld documents, *compare* Bates Stamp No. 046 *with* ECF No. 48-4, any work product protection claimed as to that document has been waived.

7

## IV. Conclusion

For the foregoing reasons, treating the discovery dispute as a motion by ADA Myska to modify the subpoena served on him on November 16, 2018, I **GRANT** the motion **IN PART** with respect to Bates Stamp Nos. 03, 026 through 045, and 047 through 052, which shall be produced only to the extent that they can be redacted to protect his mental impressions, conclusions, opinions, or legal theories from discovery, and otherwise **DENY** it. ADA Myska is **DIRECTED** to produce to the plaintiff, no later than 14 days from the entry of this order, (i) Bates Stamp Nos. 03, 026 through 045, and 047 through 052 to the extent that they can be redacted consistent with the above and (ii) Bates Stamp Nos. 04 through 025, and 046, in their entirety.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 24th day of February, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge