UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN A. CHARRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00105-JAW |
| | ) |
| COUNTY OF YORK et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND PLAINTIFF'S MOTION TO REMOVE THIS MATTTER FROM THE APRIL 2021 TRIAL LIST**

Following the Court's grant of summary judgment in favor of various state actor defendants, a plaintiff brings a second motion for entry of final judgment against those state actors pursuant to Federal Rule of Civil Procedure 54(b). The Court, as it did in its prior order, denies the plaintiff's latest motion because it would result in a piecemeal appeal contrary to binding precedent from the United States Court of Appeals for the First Circuit. As the District Court is reopening up for trials, the Court anticipates a final judgment will be issued in this case long before the resolution of Mr. Charron's proposed Rule 54(b) appeal. Once a final judgment is issued, Mr. Charron may exercise his right to appeal. In the interim, Mr. Charron has identified no harm to his rights as he awaits final judgment.

**I.   BACKGROUND**

On April 14, 2020, the Court issued an order granting summary judgment in this civil rights action in favor of York County, Deputy Sheriff Rachel Horning, Deputy Sheriff Darren Cyr, Deputy Sheriff Heath Mains, Sergeant Steven

Thistlewood, York County Sheriff William King, Jr., and Court Officer Wilfred Vachon (collectively, the County Defendants). *Order on Mot. for Summ. J.* at 120 (ECF No. 100). The Court's summary judgment order did not result in a final judgment because the Deputy Clerk of Court previously granted plaintiff John Charron's Motion for Entry of Default as to defendants Christopher Moss and Eric Pilvelait on July 30, 2018, *Order Granting Mot. for Entry of Default* (ECF No. 20), and Mr. Charron requested a damages determination against the defaulted defendants by jury at trial. *Pl.'s Mot. for Jury Determination of Damages Against Defaulted Defs.* (ECF No. 24); *Order* (ECF No. 25).

On June 29, 2020, Mr. Charron moved for entry of a final judgment as to the County Defendants based on the Court's entry of summary judgment in the County Defendants' favor. *Assented to Mot. for Entry of Final J. as to County Defs.* (ECF No. 101). The County Defendants did not oppose Mr. Charron's motion. *Id.* In this motion, Mr. Charron explained that "[t]he other two defendants, Christopher Moss and Eric Pilvelait, have been defaulted, and a hearing on damages, which the Court has delayed at Mr. Charron's request so that it can take place 'by the jury at trial,' is all that is left to be done." *Id.* at 1. Mr. Charron continued, noting "[t]he only jury trial that Mr. Charron seeks is one involving the County Defendants. That can only happen if the First Circuit reverses the summary judgment order. If the First Circuit affirms that order, Mr. Charron will consent to a hearing on damages without a jury."[1] *Id.*

---

[1] Mr. Charron previously moved to cancel an evidentiary hearing on damages as to the defaulted defendants and informed the Court that he "seeks a jury determination of damages against the

2

The next day, the Court dismissed Mr. Charron's motion for entry of final judgment without prejudice. *Order* (ECF No. 102). In doing so, the Court referenced its recent decision in *Baker v. Goodman*, 2:19-cv-00251-JAW, *Order on Mot. for Entry of Final J.* (ECF No. 31), and concluded Mr. Charron's "unopposed motion fails to address the question of piecemeal appeal that the Court discussed in *Baker* nor does it mention the standards the First Circuit will apply to whether to accept a piecemeal appeal of this case." *Id.* The Court informed the parties that, if they wish to "refile a similar motion, they must address and convince the Court that they meet the First Circuit criteria for a Rule 54(b) appeal." *Id.*

Mr. Charron did not renew his motion for approximately eight months. Following the Court's June dismissal of the motion for entry of final judgment, this case sat idle as the District of Maine was not conducting in-person proceedings due to the COVID-19 pandemic. On January 29, 2021, the Court notified the parties that the case had been placed on the April 2021 Civil Trial List and in-person damages-only trial against the defaulted parties would take place on April 5, 2021. *Trial List* (ECF No. 104). A video pretrial conference is scheduled for March 4, 2021 at 10:00 a.m. *Id.* On February 2, 2021, the Court ordered Mr. Charron to give the defaulted parties notice of the final pretrial conference and informed Mr. Charron that the defaulted parties may still attend the damages-only trial and contest liability. *Order on Final Pretrial Conference* (ECF No. 105).

---

defaulted (non-County) defendants. This would occur in connection with the jury trial against the County defendants in the ordinary course." *Pl.'s Mot. for Jury Determination of Damages Against Defaulted Parties* at 1 (ECF No. 24). On October 18, 2018, the Court granted this motion and cancelled the damages hearing. *Order* (ECF No. 25).

3

On February 22, 2021, Mr. Charron filed a second motion for judgment pursuant to Rule 54(b) and a motion to remove this matter from the April Trial List. *Pl.'s Second Unopposed Mot. for Entry of Final J. as to County Defs.* (ECF No. 106) (*Pl.'s Mot.*); *Pl.'s Unopposed Mot. to Remove Case from April 2021 Civil Trial List* (ECF No. 107) (*Mot. to Remove*).[2] Both motions were unopposed. *Pl.'s Mot.*; *Mot. to Remove.*

## II.   JOHN CHARRON'S UNOPPOSED MOTIONS

### A.   John Charron's Motion for Entry of Final Judgment as to the County Defendants

In his second unopposed motion for entry of final judgment as to the County Defendants, Mr. Charron "specifically addresses the issue of a piecemeal appeal based on the standards announced by the First Circuit and discussed by this Court in *Baker.*" *Pl,'s Mot.* at 1. Mr. Charron indicates that, if the Court grants his motion for a final judgment as to the County defendants, he will move for a stay of district court proceedings while his appeal of the Court's final judgment is pending before the First Circuit. *Id.* at 1-2.

Turning to the applicable legal standard, Mr. Charron writes that "a Rule 54(b) certification should only occur when '(i) the ruling in question is final and (ii) there is

---

[2]   Mr. Charron notes that both these motions are unopposed by the County Defendants. But to the extent the County Defendants have an interest in these motions, it would presumably be to have this Court's summary judgment in their favor tested on appeal sooner than later. Even so, the Court is not certain whether the County Defendants have considered the possibility that they could be arguing the propriety of the Court's Rule 54(b) certification if this Court grants the motions and by contrast, if the County Defendants are minimally patient, the judgment will be unequivocally final and their liability can be determined as a matter of right by the First Circuit. Because the County Defendants have only indicated their acquiescence, the Court does not know the basis for their consent. There is no indication that the defaulted Defendants have taken any position on these motions and the Court will not speculate what their position might be.

4

no persuasive reason for delay.'" *Id.* at 2 (quoting *González Figueroa v. J.C. Penney P.R., Inc.*, 568 F.3d 313, 317 (1st Cir. 2009)). On finality, Mr. Charron urges there "is no question that the Court's Order granting summary judgment to the County Defendants disposes of all claims against them. Thus, the real question is whether there is no 'just' or 'persuasive' reason to delay [Mr. Charron's] appeal from that Order." *Id.*

Mr. Charron claims there is no persuasive reason for delaying the issuance of the final judgment as to the County Defendants. *Id.* Relying on *Credit Francais International, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996), he contends that the Court must consider "(1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Id.* at 2-3 (internal quotation marks omitted). Mr. Charron cautions that to enter judgment under Rule 54(b), "there must be an 'urgent need for immediate review' that outweighs the 'undesirability of promoting piecemeal appeals.'" *Id.* at 3 (quoting *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 580 (1st Cir. 1994)). He recognizes that "'piecemeal appellate review invites mischief' and, therefore, 'Rule 54(b) should be used sparingly.'" *Id.* (quoting *Nichols v. Cadle Co.*, 101 F.3d 1448 (1st Cir. 1996)).

Mr. Charron next distinguishes his own case from this Court's decision in *Baker v. Goodman*, No. 2:19-cv-00251-JAW, 2020 U.S. Dist. LEXIS 100810, 2020 WL 3064424 (D. Me. June 9, 2020). He claims that, in *Baker*, this Court rested its decision

to deny a motion for final judgment under Rule 54(b) on the factual similarities underlying the theories of recovery against the two defendants, even though the legal theories against the two *Baker* defendants were dissimilar. *Id.*

Mr. Charron believes his case is different. *Id.* at 3-4. He avers that "the factual and legal theory against the County Defendants differs from the factual and legal theory against the defaulted defendants . . .." *Id.* at 3. He also points out "[t]he Complaint alleges that [the defaulted defendants] deliberately made false allegations against Mr. Charron in an effort to avoid responsibility for their criminal behavior toward him. In contrast, the County Defendants acted out of ignorance; Mr. Charron claims that they acted with reckless disregard for his rights while ignoring obvious evidence that [the defaulted defendants] were lying." *Id.* at 3-4.

Mr. Charron observes that his case differs from *Baker* in another respect. He argues that "[i]n *Baker*, the Court's 'main concern' was 'two different paths of travel' for the two defendants in that case, both in the trial court and in the appellate court, including the risk of multiple appeals." *Id.* at 4. Here though, he claims that risk is not present. *Id.* He posits "there is no apparent risk that the defaulted defendants will appeal" because "[t]hey have been defaulted because they have chosen not to respond, apparently because they are judgment proof and therefore lack any practical stake in the matter." *Id.* He further claims that, due to the present posture of this case, entering final judgment against the County Defendants under Rule 54(b) "will actually prevent 'two different paths of travel' in this Court and in the First Circuit." *Id.*

6

Mr. Charron suggests that permitting him to appeal the Court's grant of summary judgment will allow the district court to conduct one trial in this case, rather than two. *Id.* at 4-5. "Without certification pursuant to Rule 54(b)," Mr. Charron claims, "there will be a jury trial on the question of compensatory and punitive damages against the defaulted defendants." *Id.* at 4. "Then there will be an appeal from the summary judgment order and the potential for another jury trial against the County Defendants in which the same question of compensatory damages will have to be determined by a second jury, with the prospect of conflicting awards. There could be an appeal following that second jury trial either by the County Defendants or Mr. Charron." *Id.* at 4-5. Mr. Charron further claims "[t]he risk of that second appeal is not affected by the current question of certification under Rule 54(b); it would simply come at a later time, if at all." *Id.* at 5. Even so, he concludes that a second appeal is unlikely because it "would only occur following a successful appeal from the summary judgment order and a jury trial involving the County Defendants" and "a second appeal would be unlikely because it would involve factual questions, not legal issues that will necessarily be decided when Mr. Charron appeals from the summary judgment order." *Id.* at 5.

Thus, Mr. Charron concludes "certification pursuant to Rule 54(b) as to the County Defendants is consistent with a 'sparing' use of the rule and will not pose the 'mischief' generally posed by piecemeal appeals but will instead result in 'equities and efficiencies' that the rule seeks to realize." *Id.* at 6.

7

### B. John Charron's Motion to Remove This Case from the April 2021 Civil Trial List

Mr. Charron's one-paragraph motion to remove this case from the April 2021 trial list requests that the Court "remove this case from the April 2021 Civil Trial List in view of his simultaneous Second Unopposed Motion for Entry of Final Judgment as to the County Defendants." *Pl.'s Mot. to Remove* at 1. Mr. Charron urges "that any jury trial in this matter should take place after the First Circuit decides [his] eventual appeal from the Order granting summary judgment to the County Defendants." *Id.* He further contends that "[i]f necessary, this matter should be stayed accordingly." *Id.*

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). "[R]ule 54(b) was originally adopted to ameliorate the harshness which would have resulted from the operation of the single-judicial-unit rule in the context of the increasingly complex litigation brought about by the [Civil] Rules' liberal joinder provisions – joinder of parties and claims." *Bowling Machs., Inc. v. First Nat'l Bank of Boston*, 283 F.2d 39, 42 (1st Cir. 1960). In applying this Rule, the

Court of Appeals for the First Circuit has stressed that "there is a long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988). The First Circuit has cautioned that a district court should only certify a judgment under Rule 54(b) when it has determined that "(i) the ruling in question is final and (ii) there is no persuasive reason for delay." *González Figueroa v. J.C. Penney P.R., Inc.*, 568 F.3d 313, 317 (1st Cir. 2009).

## IV. DISCUSSION

"A Rule 54(b) certification should not be made available simply because a party requests it." *González Figueroa*, 568 F.3d at 318 n.3. As the Court has previously written, "the First Circuit casts a cold eye on Rule 54(b) certifications." *Baker v. Goodman*, No. 2:19-cv-00251-JAW, 2020 U.S. Dist. LEXIS 100810, at *6 (D. Me. June 9, 2020). For instance, in *Nichols v. Cadle Co.*, 101 F.3d 1448 (1st Cir. 1996), the First Circuit wrote that it is "trite, but true, that piecemeal appellate review invites mischief." *Id.* at 1449. Nevertheless, the First Circuit has acknowledged that in "infrequent instances," the circumstances of a particular case may "support an appeal from a partial judgment." *Quinn v. City of Boston*, 325 F.3d 18, 26 (1st Cir. 2003).

Due to the longstanding federal policy against piecemeal appeals, the Court concludes this case, which is close to a final judgment, does not support certification of a partial judgment. Mr. Charron has not alleged or shown that a brief delay will prejudice him. Nor has Mr. Charron convinced the Court that his preferred means of structuring this litigation better serves the end of judicial efficiency than adhering to

9

this Court's usual practice. Thus, the Court denies his motion for judgment under Rule 54(b).

### A. Finality

As the United States Supreme Court explained in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980), certification under Rule 54(b) requires a district court to "first determine that it is dealing with a 'final judgment.'" *Id.* at 7. A judgment "is a decision upon a cognizable claim for relief." *Id.* A judgment is final when "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotation marks omitted).

Here, the Court readily concludes that its April 14, 2020 order granting summary judgment in favor of the County Defendants constituted final decision susceptible to certification under Rule 54(b). That order granted the County Defendants' motion for summary judgment on all claims against them, such that there are no further pending proceedings in the district court regarding those claims. *Order on Mot. for Summ. J.* at 120. All that remains is for the Court to issue the final judgment in this case following the damages-only trial against the defaulted Defendants.

### B. Persuasive Reason for Delay

Mr. Charron failed to show there is no persuasive reason for delay. When deciding whether there is no persuasive justification for delaying appellate review, "[a] certifying court must weigh efficiency concerns, consider the various criteria delineated in [the] case law, and articulate a cogent rationale supporting

10

certification." *González Figueroa*, 568 F.3d at 318 n.3 (internal citations omitted). Factors that a district court may properly consider include "the interdependence of dismissed and pending claims, . . . identification or analysis of the remaining claims," and whether there is "compelling evidence that the equities favor early appellate review." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996) (internal quotation marks omitted).

Here, the Court is unconvinced Mr. Charron has shown there is no persuasive reason for delay. Two factors strongly weigh against entering judgment for the County Defendants under Rule 54(b). First, Mr. Charron has already acquiesced to an eight-month delay. He brought a prior motion for judgment under Rule 54(b) on June 29, 2020, just over two months after the Court granted the County Defendants' motion for summary judgment. The following day, the Court dismissed Mr. Charron's motion without prejudice because it failed to address the longstanding prudential policy against piecemeal appeals. However, the Court permitted Mr. Charron to refile a similar motion and convince the Court that a Rule 54(b) was consistent with First Circuit precedent.

Mr. Charron did not refile his motion until February 22, 2021. By then, this case was already slated for a final pretrial conference on March 4, 2021 and a damages-only trial as to the defaulted Defendants as early as April 5, 2021. During the intervening months, the District of Maine was closed to in-person proceedings, such as the damages-only trial, due to the ongoing COVID-19 pandemic. Thus, if Mr. Charron had promptly renewed his motion following the Court's June 30, 2020

11

denial, the Court would have ruled on his renewed motion in the background of the considerable uncertainty caused by the pandemic, and the First Circuit might have been able to rule on his Rule 54(b) appeal during the shutdown caused by the pandemic. Yet Mr. Charron decided to sleep on his motion for eight months and to renew it only when the damages trial was imminent. Now, if the Court were to grant his motion, the delay caused by the First Circuit appeal would start now as opposed to July 2020.

Mr. Charron's voluntary delay suggests to the Court that Mr. Charron has suffered no harm or prejudice from his inability to immediately appeal the Court's grant of summary judgment. The Court issued that order in mid-April 2020 and it is now late-February of 2021. The Court is chary of permitting Mr. Charron to appeal the summary judgment order at this juncture without any allegation of prejudice arising from one more month of delay.

The second factor weighing against entry of judgment is the advanced posture of this case. As just mentioned, the final pretrial conference is set for next week on Thursday, March 4, 2021. The Court will likely be able to conduct a damages-only trial against the defaulted Defendants, Christopher Moss and Eric Pilvelait. Although the District has continued the April jury trial list until May, if Mr. Charron decides to proceed jury-waived, the Court may be able to accommodate him in April or May. Because Mr. Moss and Mr. Pilvelait have been defaulted on liability, the only triable issue is damages and the Court anticipates this trial will be exceedingly short. Barring any unforeseen developments, the Court expects to enter judgment in this

case immediately after the damages-only trial. As such, the final judgment Mr. Charron's seeks is essentially imminent and Mr. Charron will then be able to take his desired appeal to the First Circuit.

Furthermore, Mr. Charron has not persuaded the Court that judicial efficiency supports entry of judgment under Rule 54(b). If Mr. Charron proceeds to trial against the defaulted defendants, he will have a final judgment. He could decide to appeal not only the judgment in favor of the County Defendants, but also whatever judgment he receives against the defaulted Defendants. If the First Circuit affirms the Court's judgments, both in favor of the County Defendants and against the defaulted Defendants, the case will be over. If Mr. Charron is satisfied with the judgment against the defaulted Defendants and does not appeal, the case will soon be over as against them.

If the Court grants the motion for Rule 54(b) certification, several things could happen. First and most likely, the Court of Appeals could reject the appeal because of its well-known aversion to piecemeal litigation. *See, e.g., Spiegel*, 843 F.2d at 44 (vacating a district court's deficient Rule 54(b) certification). If this occurred, the case against the defaulted Defendants would be delayed for months while the issue of Rule 54(b) certification was briefed along with the merits of the appeal and while the First Circuit issued its ruling. At that point, months from now, the case would be exactly where it is today. Second, the Court of Appeals could accept the Rule 54(b) appeal and affirm this Court's summary judgment ruling. Again, the case against the defaulted Defendants would only have been delayed. The third possibility is that the

First Circuit reaches the merits of the appeal and vacates the Court's summary judgment. In that case, the case would be remanded for a trial against both the County Defendants and the defaulted Defendants. Depending on the results of that trial, the First Circuit could be forced to address this case a second time, because either Mr. Charron or the County Defendants (less likely the defaulted Defendants) are dissatisfied with the result. By contrast, if the case against the defaulted Defendants goes to trial and is reduced to judgment, Mr. Charron's right of appeal will not be clouded by the Rule 54(b) certification and he could proceed to the First Circuit confident that the Court of Appeals will reach the merits of his arguments against the Country Defendants. *See Spiegel*, 843 F.2d at 43 ("The process, tilted from the start against fragmentation of appeals, is necessarily case specific . . . [and] entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances").

Moreover, Mr. Charron's assertion that permitting an appeal now could potentially save the Court the trouble of two trials does not survive analysis. On numerous occasions the First Circuit has warned that "such a potential is rarely, if ever, a self-sufficient basis for Rule 54(b) certification . . . ." *See Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 488 (1st Cir. 1993) (citing *Spiegel*, 843 F.2d at 45); *see also Credit Francais*, 78 F.3d at 706 (quoting *Kersey*, 3 F.3d at 488).

Additionally, the differences in the complexity of the two potential trials overshadow any gain in judicial efficiency that may result from consolidating them.

14

To reiterate, the damages-only trial is likely to be short and tailored only to damages caused by Defendants Moss and Pilvelait. Conversely, any trial that could hypothetically result from the First Circuit reversing this Court's grant of summary judgment would be far more complicated. A trial against the County Defendants would adjudicate liability and damages traceable to what the seven County Defendants did or did not do. If this second trial ever occurs, it will be manifestly more extensive and contested than the upcoming scheduled damages trial against the defaulted Defendants. In the Court's view, judicial efficiency is better-served by refraining from tethering the resolution of simple claims against two long-ago-defaulted parties to a complex trial against seven other defendants that may never happen. *Accord Spiegel*, 843 F.2d at 46 ("To entertain an early appeal just because reversal of a ruling made by the district court *might* transpire and *might* expedite a particular appellant's case would defoliate Rule 54(b)'s protective copse. This would leave the way clear for the four horsemen of too easily available piecemeal appellate review: congestion, duplication, delay, and added expenses") (emphasis in original).

Finally, Mr. Charron is correct that the claims against the defaulted Defendants and the County Defendants rest on different law and some different facts and are therefore partly distinguishable from the claims in *Baker*. However, the Court does not regard these differences as dispositive. Although the lack of overlap between the claims in this case does not preclude a Rule 54(b) judgment, the Court's view is that, due to Mr. Charron's own unexplained delay in bringing this motion and the fact that a final judgment is near, the lack of overlap does not justify a departure

from the general prudential practice against piecemeal appeals. Moreover, as just discussed, the lack of overlap between Mr. Charron's claims against the defaulted and non-defaulted Defendants is the very reason the Court expects this case will soon arrive at a final appealable judgment.

## V. CONCLUSION

The Court DENIES John Charron's Second Unopposed Motion for Entry of Final Judgment as to County Defendants (ECF No. 106). In light of this denial the Court concludes Mr. Charron has presented no justification for removing this matter from the April 2021 Civil Trial List. Therefore, the Court DISMISSES without prejudice John Charron's Unopposed Motion to Remove Case from April 2021 Civil Trial List (ECF No. 107).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2021.